# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MARC C. LEWIS, | CASE NO. 10cv123 JLS (NLS) |
| --- | --- |
| Plaintiff, | **ORDER: GRANTING DEFENDANTS' MOTIONS TO DISMISS; DENYING DEFENDANTS' MOTIONS TO STRIKE** |
| vs. | |
| DIAMOND ESSENTIALS, INC., et. al., | |
| Defendants. | (Doc. Nos. 6, 9, 7, 12.) |

Presently before the Court are two motions to dismiss (Doc. Nos. 6, 9) and two motions to strike (Doc. Nos. 7, 12). For the reasons stated below, the Court **GRANTS** both motions to dismiss and **DENIES** both motions to strike.

## BACKGROUND

Plaintiff's original complaint, filed on February 8, 2008 in the San Diego Superior Court, named as Defendants Emerald Mortgage, Johann Balidido, Teresa Stravers, and Does 1 through 25. (Doc. No. 1-2, Exh. B.) The original complaint asserted three claims: 1) Fraud; 2) General Negligence; and 3) Intentional Tort. (*Id.*) On July 17, 2008, Plaintiff filed a first amended complaint ("FAC") naming Emerald Mortgage, Johann Balidido, Teresa Stravers, and Does 1 through 10. (*Id.*) The FAC replaced Plaintiff's original claims with three new claims for: 1) Fraud/Deceit in the Inducement; 2) Negligent Misrepresentation; and 3) Indebitatus Assumpsit. (*Id.*) Plaintiff filed a second amended complaint ("SAC") on October 23, 2009, adding Defendants Diamond Essentials, Inc.; Kiley, Kruse, Silverthorn & Mercado, Inc.; Denis Kiely; Patrick Eugene

Kruse; Jason Edward Silverthorn; Christopher Ian Mercado; Junius Kyung-Jin Lim; Deutche Bank; MortgageIT, Inc.; and Does 1 through 100. (Doc. No. 1-3, Exh. B.) The SAC asserts claims for: 1) Breach of Contract; 2) Breach of the Implied Covenant of Good Faith and Fair Dealing; 3) Intentional Misrepresentation; 4) Fraud; 5) Breach of Fiduciary Duty; 6) Constructive Fraud; 7) Negligent Misrepresentation; 8) Negligence; 9) Unjust Enrichment; 10) Violations of the Truth in Lending Act, 15 U.S.C. 1601 *et seq.* ("TILA"), 11) Violations of the Real Estate and Settlement Procedures Act, 12 U.S.C 2601 ("RESPA"); and 12) Violations of Business & Professions Code Section 17200. (*Id.*) Defendants Deutche Bank and MortgageIT, first named in the SAC, are the only defendants named in Plaintiff's causes of action for violations of TILA and RESPA. (*Id.*) All other claims are asserted against all Defendants. (*Id.*)

On January 15, 2010, Defendant MortgageIT removed the action to the Southern District of California based on federal question jurisdiction.[1] (Doc. No. 1.) On January 22, 2010, Defendants Deutche Bank and MortgageIT filed a motion to dismiss and a motion to strike. (Doc. Nos. 6, 7.) The remaining Defendants, on February 2, 2010, filed a motion to dismiss and a motion to strike in addition to notices joining the motions to dismiss and strike filed by Defendants Deutche Bank and MortgageIT.[2] (Doc. Nos. 9, 10, 12, 13.) Plaintiff failed to respond to the motions filed by Defendants Deutche Bank and MortgageIT, but did respond to the motions filed by the remaining Defendants.[3] (Doc. Nos. 14, 15.)

---

[1] Given that the federal causes of action were not alleged until the SAC, this was the first complaint amenable to federal jurisdiction and therefore subject to removal.

[2] The remaining Defendants also filed an objection to Plaintiff's opposition claiming that service of the opposition came one day late. (Doc. Nos. 18, 19.) Even assuming the remaining Defendants are correct, the Court declines to strike Plaintiff's opposition for a minor delay without more.

[3] On March 18, 2010, Defendants Deutche Bank and MortgageIT filed a reply and statement of non-opposition in support of their motion to dismiss and motion to strike. (Doc. No. 17.) On July 13, 2010, Plaintiff submitted a declaration that he had not received the motions filed by Defendants Deutche Bank and MortgageIT. (Doc. No. 24.) In opposition to Plaintiff's declaration, Defendants Deutche Bank and MortgageIT, filed a declaration stating that service had been proper, that Defendant was put on constructive notice by the joinders filed by the remaining Defendants, and that Plaintiff was provided with an email of all motions. (Doc. No. 25.) The Court finds that Plaintiff's declaration sufficiently militates against holding that Plaintiff has conceded the motion; however, given that the declaration was filed almost four months after Defendant's statement of non-opposition, the Court declines to grant leave to file an opposition.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, — US — , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 1950 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

//

**DISCUSSION**

**I.     Defendants Deutche Bank and MortgageIT's Motion to Dismiss and Motion to Strike**

The Court finds that Plaintiff's RESPA and TILA claims are both barred by their respective statutes of limitations and thus **GRANTS** dismissal of both claims.

**A.     Plaintiff's TILA Claim**

TILA applies a one-year statute of limitations to damages claims. 15 U.S.C. § 1640(e). The limitations period begins to run from the date the loan transaction is consummated. *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). In certain circumstances, however, equitable tolling may be available. *Id.* Specifically, the limitations period may be suspended "until the borrower discovers or had reasonable opportunity to discover the fraud or non-disclosures that form the basis of the TILA action." *Id.* This should only be applied, however, "if the general rule would be unjust or frustrate the purpose of the Act." *Id.* Generally, a litigant bears the burden of establishing that he is entitled to equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Walker v. Equity 1 Lenders Group*, 2009 U.S. Dist. LEXIS 40991, at *16. Simply asserting failures to disclose under TILA is not sufficient to justify equitable tolling, as it would render the TILA statute of limitations meaningless. *Hubbard v. Fidelity Fed. Bank*, 824 F. Supp. 909, 920 (C.D. Cal. 1993); *see also Evans v. Rudy-Luther Toyota, Inc.*, 39 F. Supp. 2d 1177, 1184 (D. Minn. 1999) ("To hold that the Defendant's failure to make the disclosures required by TILA was, in and of itself, an act of fraudulent concealment, would effectively nullify the one-year limitations period that was enacted by Congress") (citations omitted).

Relation back of an amendment with regard to changing the naming of parties is governed by Federal Rule of Civil Procedure 15(c). Rule 15(c) requires that the party receive notice of the complaint "within the period provided by Rule 4(m) for serving the summons and complaint . . . [and that the party] will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c).

Plaintiff executed the subject loan on October 23, 2006. (SAC ¶ 22.) Though the one-year statute of limitations required Plaintiff to bring his action by October 23, 2007, Plaintiff for the

first time alleged his claim under TILA and first named Deutche Bank and MortgageIT as defendants in the SAC filed on January 15, 2010, more than two years after the statute of limitations had run. (SAC ¶¶ 79–82.) In his SAC, Plaintiff fails to allege sufficient facts suggesting grounds for equitable tolling or relation back against Defendants Deutche Bank and MortgageIT. Specifically, there is no allegation which gives the Court reason to believe Plaintiff did not have a reasonable opportunity to discover the fraud that forms the basis of Plaintiff's TILA action sufficient to apply equitable tolling. Further, there is no indication that Defendants Deutche Bank and MortgageIT had any notice of the action or that they would have been named were it not for mistake so as to relate the statute of limitations back to the time the original claim was filed. Nevertheless, Plaintiff's allegations do not preclude the possibility that his TILA action is subject to either equitable tolling or relation back and thus amendment may not be futile. Accordingly, Plaintiff's action under TILA is **DISMISSED WITHOUT PREJUDICE**.

### B.     Plaintiff's RESPA Claim

Plaintiff's action alleging violations of RESPA is likewise barred by the relevant statute of limitations. Violations of RESPA section 1605 are subject to a three-year statute of limitations and violations of RESPA sections 2607 and 2608 are subject to a one-year statute of limitations. 12 U.S.C. § 2614. The RESPA statute of limitations periods run "from the date of the occurrence of the violation." 12 U.S.C. § 2614.

Plaintiff's RESPA claim is based on allegations of misrepresentations made during loan origination and allegedly illegal kickbacks, fees, and payments made on unspecified dates. In order to state a plausible claim for relief Plaintiff must establish that his RESPA claim was brought within the relevant statute of limitations. Because Plaintiff does not allege the dates of occurrence for the kickbacks, fees, and payments, Plaintiff has failed to established that his claims were brought within the statute of limitations and thus has failed to allege a critical element to a claim to relief under RESPA. Moreover, it is unclear which section of RESPA Plaintiff alleges has been violated so the Court cannot so much as determine which statute of limitations applies to Plaintiff's claim. Finally, whether or not RESPA is subject to equitable tolling or relation back, the SAC does not contain allegations that sufficiently support application of either doctrine. That

1  said, amendment of the complaint could theoretically justify equitable tolling or relation back.
2  Accordingly, Plaintiff's RESPA claim is **DISMISSED WITHOUT PREJUDICE**.

3    **C.    Supplemental Jurisdiction over Plaintiff's Remaining State-Law Claims**

4    The Court is under a continuing duty to *sua sponte* confirm jurisdiction whenever doubt as
5  to jurisdiction arises. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274,
6  278,(1977) (citations omitted).

7    Under 28 U.S.C. § 1376(a), a district court has supplemental jurisdiction over claims "that
8  are so related to claims in the [civil] action within such original jurisdiction that they form part of
9  the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §
10 1376. However, under 28 U.S.C. § 1376(c)(3), "The district court may decline to exercise
11 supplemental jurisdiction over a [state-law] claim . . . if . . . the district court has dismissed all
12 claims over which it has original jurisdiction." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 n.2
13 (9th Cir. 1997) (citing 28 U.S.C. § 1367(c)). The decision whether to exercise supplemental
14 jurisdiction is informed by considerations of economy, convenience, fairness, and comity. *Id.* at
15 1001.

16   The instant case was removed by Defendant MortgageIT under federal question
17 jurisdiction arising under Plaintiff's TILA and RESPA claims. (Doc. No. 1 at 2.) Diversity
18 jurisdiction is not present here as Plaintiff and all Defendants except Deutche Bank and
19 MortgageIT are residents of California. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 89
20 (2005) (noting that complete diversity has been required for diversity jurisdiction under 28 U.S.C.
21 § 1332 since *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806)). Because diversity jurisdiction
22 is not present and all claims giving rise to federal question jurisdiction have been dismissed above,
23 all remaining claims are before the Court on supplemental jurisdiction. No overriding concerns of
24 economy, convenience, and fairness outweigh concerns of comity implicated by the needless
25 determination of state-law issues in the instant case. The Court therefore declines supplemental
26 jurisdiction and **DISMISSES WITHOUT PREJUDICE** all remaining state-law claims. *See*
27 *Abeel v. Summit Lending Solutions, Inc.*, 2010 WL 1445179, at *4 (S.D. Cal. 2010) ("Where a
28 district court declines to exercise supplemental jurisdiction, the state law claims should be

expressly dismissed without prejudice.") (citing *Bass v. Parkwood Hosp.,* 180 F.3d 234, 246 (5th Cir. 1999)).

For those reasons, Defendants Deutche Bank and MortgageIT's motion to dismiss the SAC is **GRANTED** in its entirety, and their motion to strike is **DENIED**.

## II.   Motion to Dismiss and Motion to Strike Filed by Remaining Defendants

All causes of action asserted against the remaining Defendants are state-law claims. These Defendants separately move to dismiss these claims against them. Given that the court has already dismissed all federal and state causes of action against Defendants Deutche Bank and MortgageIT, the Court similarly **GRANTS** the remaining Defendants' motion to dismiss. The Court will not exercise supplemental jurisdiction over the state-law causes of action here when all federal claims giving rise to this Court's jurisdiction are dismissed. *Acri*, 114 F.3d at 1000 n.2 (citing 28 U.S.C. § 1367(c)).

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Deutche Bank and MortgageIT's motion to dismiss (Doc. No. 6), **GRANTS** the remaining Defendant's motion to dismiss (Doc. No. 9) and **DENIES** both motions to strike (Doc. Nos. 7, 12).

DATED: August 5, 2010

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge